DAVID J. CONN, Appellant, v. ROBERT HEAPS, Appellee.

NOVEMBER 22, 1927.

REHEARING DENIED FEBRUARY 11, 1928.

*T. J. Mahoney,* for appellant.

*F. W. Ganoe,* for appellee.

FAVILLE, J.—Plaintiff held a contract for the purchase of 160 acres of land. It was proposed between the parties hereto that they should acquire title to the said property, and that the title should be taken in the name of the defendant, and that the parties should enter into a written contract providing for the sale of said premises to a third party, if the same could be effected, and a division between the plaintiff and defendant of the profits arising from the said sale. In the event that a sale to a third party was not effected before a certain date, then the parties were to have certain optional rights with respect to said property. A written contract was drawn between the parties, as follows:

"This agreement, made between Robert Heaps of Boone, Iowa, as first party, and David J. Conn of Boone, Iowa, as second party, witnesseth:

"Whereas the second party has entered into a contract to purchase from one W. C. Sparks for a stated consideration of forty thousand dollars ($40,000), the northeast quarter of Section thirty-five (35), Township eighty-four (84) north, Range twenty-six (26) west of the Fifth P. M., Boone County, Iowa, and

"Whereas it is the desire of both parties that the first party shall become the owner of an interest therein,

"Now, therefore, it is hereby agreed that the first party shall take the title to said property in his name and that the land shall be purchased subject to the first mortgage therein which amounts to eighteen thousand, nine hundred eighty-four & 20-100 dollars ($18,984.20), and that the balance of the consideration shall be furnished as follows: The first party shall furnish the sum of twelve thousand, one hundred fifteen & 80-100 dollars ($12,115.80) and the second party shall furnish the sum of three thousand dollars ($3,000.00). The second party shall have the authority to manage such farm by renting it, collecting rents, and doing anything else that will be necessary in taking proper care of it, and he shall also have the authority to sell it at any time before December 1, 1924, at a price which will be fifty dollars ($50.00) per acre more than the cost thereof. However, the second party shall not make any improvements thereon without first party's consent. The cost shall be the amount of the first mortgage plus fifteen thousand, one hundred fifteen & 80-100 dollars ($15,115.80). If it shall be sold prior to such date, all profits, after paying expenses, shall be divided as follows: Two thirds thereof to the first party and one third to the second party. If such property is not sold by December 1, 1924, then the first party shall have an option to buy the interest of second party on such date, for the sum of three thousand, five hundred dollars ($3,500.00) in cash. If the second party should sell it before such date, it must be upon terms that are satisfactory to the first party. If the option above given to the first party is not exercised by him on December 1, 1924, then the second party shall purchase from the first party an undivided one-third interest in said property at a price which will be one third of the cost thereof, and at such time pay the first party in cash the difference between one third of the cost and the three thousand dollars ($3,000.00) which the second party is furnishing, which difference is the sum of two thousand, thirty-eight & 60-100 dollars ($2,038.60), and he shall also pay, in addition to such sum, one third of all sums expended hereafter and up until such date by the first party, for taxes, interest, repairs, improvements, or other purposes, with interest thereon at the rate of six per centum per annum, and when such payment is made the

first party shall execute and deliver to second party a contract for a warranty deed in the usual form, which deed shall be delivered upon second party's demand. If the second party fails to make such payment, then he shall either forfeit all interest of any character which he has in or to such property or he shall have the option to purchase the same from the first party at a price which will be fourteen thousand, one hundred thirty-five dollars ($14,135.00) without interest, plus the amount of money which the first party has furnished for taxes, interest, repairs, improvements, or other purposes hereafter, with interest on such amounts at the rate of six per centum per annum, and if the second party exercises such option, then the first party shall execute and deliver to him a warranty deed in the usual form conveying such property to him.

"The first party shall furnish all money necessary to pay the expenses of the property such as taxes, interest, repairs, improvements, or any other necessary expenses, and he shall be entitled to receive the income therefrom to be credited upon the amounts he has expended.

"In the event that there shall be a dispute between the parties hereto concerning any part of this contract or the renting, management or sale of the property, then such dispute shall be referred to J. W. Jordan at Boone, Iowa, for arbitration and his decision shall be final and binding on the parties hereto.

"Witness our hands at Boone, Iowa, this thirtieth day of November, A. D. 1923.

"Robert Heaps.

"Dave J. Conn."

No sale was effected to a third party, and the questions involved in this appeal turn upon the rights of the parties under the other terms of said written instrument.

I. The first option in the contract provides as follows:

"If such property is not sold by December 1, 1924, then the first party [defendant] shall have an option to buy the interest of second party [plaintiff] on such date, for the sum of $3,500 in cash."

The plaintiff asks that the defendant be required to specifically perform said provision of said contract by paying the plaintiff $3,500, with interest thereon at 6 per cent from December 1, 1924. This presents for our consideration the question

as to whether or not the defendant exercised the option of purchasing the interest of the plaintiff on December 1, 1924, for said sum of $3,500. The contract provides that:

"In the event that there shall be a dispute between the parties hereto concerning any part of this contract or the renting, management or sale of the property, then such dispute shall be referred to J. W. Jordan at Boone, Iowa, for arbitration and his decision shall be final and binding on the parties hereto."

It is the contention of the defendant at this point that a dispute did arise between the parties concerning the question as to whether or not the defendant had exercised the option to buy the interest of the plaintiff on or about December 1, 1924, for said sum of $3,500, and that it was submitted to the arbitrator, and the decision of the arbitrator was favorable to the defendant. The trial court found that this question had been submitted to the arbitrator for decision, and that he had decided that the defendant had not exercised his option to pay the plaintiff $3,500 for his interest in the property, but had refused to do so. The court further found that, regardless of said question of arbitration, the defendant had not exercised his option to so purchase the plaintiff's interest in the property, but had refused to do so.

At this point we are constrained to concur in the conclusion of the trial court in both respects. The action of the parties was rather informal, but we think it fairly appears that the question as to whether or not the defendant had exercised his option to purchase the premises was submitted to the arbitrator for decision, and that the arbitrator's decision was that the defendant had not so exercised his option. Furthermore, even if the matter had not been submitted to the arbitrator, and his decision were not final, we should be constrained to concur in the conclusion of the trial court that, under the evidence, the defendant did not, as a matter of fact, exercise the option to purchase the plaintiff's interest. The court did not err in denying the plaintiff specific performance of the contract in that respect.

II. We next consider the question as to whether or not the plaintiff exercised the first option given to him, to purchase an undivided one-third interest in said property, and is now in a

position to ask specific performance of said portion of said contract. The clause in question provides:

"If the option above given to the first party is not exercised by him on December 1, 1924, then the second party shall purchase from the first party an undivided one-third interest in  said property at a price which will be one third of the cost thereof, and at such time pay the first party in cash the difference between one third of the cost and the three thousand dollars ($3,000.00) which the second party is furnishing, which difference is the sum of two thousand, thirty-eight & 60-100 dollars ($2,038.60), and he shall also pay, in addition to such sum, one third of all sums expended hereafter and up until such day by the first party, for taxes, interest, repairs, improvements, or other purposes, with interest thereon at the rate of six per centum per annum."

On or about February 26, 1925, the plaintiff served a written notice upon the defendant, which is made the basis of his claim that he elected to exercise said option and is entitled to specific performance by the defendant thereunder.

The election of the plaintiff to exercise said option, and his tender and demand, as contained in said notice, conformed practically to the language of the contract. No other election to exercise said option is claimed by the plaintiff.

At this point we are confronted with the question as to whether or not the act of the plaintiff was sufficient to place him in position to demand specific performance by the conveyance to the plaintiff of a warranty deed to the undivided one-third interest in the premises in question. Upon the trial of the cause, it was developed that it was the contention of the plaintiff that, under a construction of the terms of said written contract, he was entitled to a conveyance of an undivided one-third interest in said premises, free and clear of all liens and incumbrances, including the first mortgage on said premises. Briefly stated, the question at this point is whether or not the plaintiff, in attempting to exercise his option, offered to do less than he was required to do, or demanded of the defendant that the latter do more than he was required to do. The vital question is with regard to the outstanding mortgage. Plaintiff's contention is that, under the terms of the contract, he was only

required to pay to the defendant the sum of $2,038.60 and one third of the expenditures that had been made up to the date of his notice, and that, under his option, he was entitled to a deed conveying said premises to him free and clear of all liens and incumbrances, including the mortgage of $18,984.20 which was on the premises at the time of the purchase, and which had not been paid.

The contract provided that the property was to be purchased subject to a mortgage of $18,984.20, and that, to make up the balance of the purchase price, the defendant should furnish $12,115.80, and the plaintiff the sum of $3,000, making a total of $15,115.80 above the mortgage. The contract recites:

"The cost shall be the amount of the first mortgage, plus $15,115.80."

The contract also provided that, if the property was sold to a third party, after the payment of expenses the profits should be divided on the basis of one third to the plaintiff and two thirds to the defendant. Taking the contract as a whole, it is obvious therefrom that the parties contemplated that their respective interests in the property should be in the proportion of one third to the plaintiff and two thirds to the defendant. The option in question provides that the plaintiff might purchase an undivided one-third interest in the premises "at a price which shall be one third of *the cost thereof*," and by the payment of one third of the expenditures. No specific reference is made in this option to the first mortgage incumbrance upon the premises, which, however, was specified in the contract as part of the original cost of the premises. To construe this portion of the contract as contended by the plaintiff would permit him to secure title to an undivided one third of the premises, free and clear of all incumbrances, at approximately $100 an acre, while the remaining two thirds, belonging to the defendant, with the entire mortgage indebtedness resting thereon, would cost him approximately $300 an acre. It is obvious from the entire record that the parties did not contemplate, by the language used in the contract, that any such result should follow.

It is the contention of the plaintiff that the contract should be construed so as to require the defendant to convey an undivided one third free and clear of all incumbrances, because of

 his claim that certain property which he transferred as a part of the purchase price was worth $8,000 or more, instead of $3,000, as recited in the contract. The evidence is insufficient to sustain the plaintiff's contention in this regard with respect to the value of the property which he turned in; but in any event, the plaintiff is not in a position to raise that question at this time. There is no claim of fraud or mistake. By the terms of the contract, the value of the plaintiff's contribution to the purchase price was fixed at $3,000. The parties agreed upon this valuation, and there is nothing shown in the record by which it can now be disturbed.

The record abundantly satisfies us that the clear purpose and intention of the parties were that the plaintiff was not entitled, upon payment of the amount specified in said option, to a conveyance of the premises by warranty deed, free and clear of all incumbrances. The contract recognized the first mortgage as a part of the cost of said premises. The plaintiff, if entitled to a conveyance of an undivided one third, was bound to take it charged with the one third of the amount due on the first mortgage. The court held that the contract should be reformed so as to make said matter clear according to the agreement of the parties, but held that the plaintiff had not exercised his option under the contract as provided therein, and therefore his rights under said option were barred.

Even if it be conceded that the plaintiff's election to exercise the option was timely, still it is apparent from the record that the plaintiff did not attempt to exercise the option in accordance with the real contract between the parties. Plaintiff was bound to know this. Even without a reformation of the contract, plaintiff would not have been entitled to such performance as he demanded of the defendant.

We reach the conclusion that the trial court did not err in denying plaintiff specific performance of the option which he sought to have specifically performed as a contract.

III. The defendant offered to permit the plaintiff to exercise the second option given the plaintiff by the terms of the written contract. The plaintiff did not bring his action seeking

 to recover under the second option given him in the contract. The court, however, provided by the decree that the plaintiff might, within 30 days, avail himself of the second option, if he so desired, by paying the amount specified therein and assuming the mortgage on the real estate and paying to the defendant the sum which the court found had been expended by the defendant to the time of the trial. This provision of the decree is somewhat in the nature of a gratuity. The plaintiff did not bring his action asking specific performance of the contract on any claim of a right under the second option granted him. He is in no position now to complain of the privilege given him by the court to exercise said option.

We find no error in the decree that requires interference on our part, and it is in all respects—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.